RECEIVED
IN ALEXANDRIA, LA.
DEC 0 2 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ARTHUR LEE PHILLIPS, SR. | CIVIL ACTION NO. 07-2114 |
| VERSUS | JUDGE TRIMBLE |
| THE TOWN OF VINTON, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are motions for summary judgment[1] filed by the three (3) named defendants to the above captioned suit: The Town of Vinton, Louisiana ("Vinton"), Vinton Chief of Police Ricky Fox ("Chief Fox") and Risk Management, Inc ("RMI"). For the reasons expressed herein below, the court finds that these motions should each be granted in their entirety.

I.  BACKGROUND

Plaintiff Arthur Lee Phillips, Sr. was employed as a Lieutenant in the Vinton Police Department ("VPD"). Plaintiff alleges that defendants denied him certain conditions and privileges of employment such as overtime work, use of a specific vehicle and certain supervisory responsibilities because Chief Fox believed that plaintiff campaigned against him in the preceding election.[2] Plaintiff asserts that these alleged adverse employment actions violated his First Amendment rights under the Constitution of the United States as well as Article I, Sections 1 and 3 of the Louisiana Constitution, giving rise to claims under 42 U.S.C. § 1983 and

---

[1] R. 17, 18.
[2] R. 1-2 at ¶¶ 8-9. Plaintiff's original petition, filed in the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana, included various other claims which were voluntarily dismissed by plaintiff. See R. 39, 50.

1

La. R.S. 23:961. Plaintiff seeks monetary relief in the form of attorney fees, lost wages, punitive, general and compensatory damages, as well as all costs of these proceedings.

Defendants deny that plaintiff's alleged political activities contributed to their administrative decisions regarding plaintiff's employment with the Vinton Police Department and argue that these actions were taken for legitimate, non-discriminatory reasons, including plaintiff's violations of various town ordinances, budgetary and resource allocation constraints.

## II.  APPLICABLE STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3]

A material fact is one which, given its resolution in favor of one party or another, might affect the outcome of the suit under applicable law.[4] An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party.[5]

Once the moving party has carried its burden of showing an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to come forward with specific facts showing a genuine factual issue for trial.[6] "Conclusory denials, improbable inferences, and legalistic argumentation" are not an adequate substitute for specific facts showing that a genuine issue of material fact remains to be tried.[7] Evidence presented, whether

---

[3] Fed. R. Civ. P. Art. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); American Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004).
[4] Anderson, supra, at 248.
[5] Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th cir. 2000), citing Anderson, supra, at 248.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[7] SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

in support of or in opposition to a motion for summary judgment, must be of such character that it would be admissible at trial.[8] Where both parties have presented contradictory evidence, the court will resolve all such controversy in favor of the non-moving party, viewing the facts and evidence in the light most favorable thereto. General averments will not suffice, however, in place of specific factual proofs, as the court will not assume the existence of any material fact issue not pled by the non-moving party.

If the moving party fails to demonstrate the absence of material fact questions or if the non-moving party succeeds in demonstrating the existence of such fact questions, the motion for summary judgment must be denied.

### III. ANALYSIS

#### A. Motion for Summary Judgment by Chief Fox[9]

The motion for summary judgment filed by Chief Fox first asserts that all claims against him in his official capacity should be dismissed because, plaintiff having asserted identical claims against the Town of Vinton as a co-defendant in this case, such official capacity claims are duplicative. The court agrees, as it is well settled that § 1983 claims do not lie against government officials in their official capacities and against the government entity simultaneously, as a claim against a government official in his official capacity is actually a claim against the government entity.[10] Accordingly, all such claims will be dismissed with prejudice.

Chief Fox's motion next asserts that plaintiff has failed to present a prima facie case of employment discrimination based on political activity, such as would shift the burden to him to

---

[8] Fed. R. Civ. P. Art 43(a); Roucher v. Traders & General Ins. Co., 235 F.2d 423 (5th Cir. 1956).
[9] R. 17.
[10] Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001).

rebut plaintiff's claims.[11] Alternatively, Chief Fox asserts that he is able to demonstrate legitimate, non-discriminatory reasons for the employment actions taken against plaintiff which plaintiff has not refuted.

Plaintiff claims that Chief Fox refused numerous overtime work requests, relieved him of supervisory authority and prevented him from utilizing a Dodge Durango he had previously used for narcotics work because he believed that plaintiff had campaigned against Fox and participated in a scheme to sabotage his campaign for election as Vinton Chief of Police. Although plaintiff was later fired from his employment with VPD, the court notes that plaintiff does not claim that this termination was illegal and does not base his claims against any defendant thereon.[12]

42 U.S.C. § 1983 subjects persons acting under color of state law to civil liability for conduct which deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws." Accordingly, a public employee alleging violation of his rights to free speech or political affiliation under the U.S. Constitution's First Amendment brings such claims under § 1983. Plaintiff must demonstrate (1) that he suffered an adverse employment action; (2) that he was engaged in protected activity and (3) that there is a causal relationship between the protected activity and the adverse employment action.[13]

Plaintiff asserts that the change in the terms and conditions of his work prior to his termination constitute adverse employment actions. An adverse employment action certainly includes termination, but also encompasses lesser actions such as demotions, refusals to hire or

---

[11] R. 17 at p. 6. The court notes, however, that the proper analysis for First Amendment retaliation claims is found in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977) and is not, as asserted by defendant, the McDonnell Douglas pretext analysis. Gonzales v. Dallas County, Tex., 249 F.3d 406 (5th Cir. 2001) (citing Brady v. Fort Bend County, 145 F.3d 691 (5th Cir. 1998) and Mooney v. Aramco Serv. Co., 54 F.3d 1207 (5th Cir. 1995)).
[12] Plaintiff's response to statement of uncontested facts filed by Chief Fox [R. 41-2] at ¶ 24.
[13] Jordan v. Ector County, 516 F.3d 290, 295 (5th Cir. 2008) (internal citations omitted).

promote and reprimands.[14] In Harrington v. Harris,[15] the United States Fifth Circuit Court of Appeals declined to further enlarge this list of adverse employment actions on the basis that some matters, "while extremely important" to plaintiff, do not implicate constitutional protections.[16] The court pointed to pay increases, teaching assignments, administrative matters and departmental procedures as examples of these important, but excluded matters.[17] Though Harrington involved a retaliation claim by a teacher, we find that its instruction is no less valuable here. We simply do not find that plaintiff has demonstrated that he was subjected to an adverse employment action such as that term is acknowledged by law and jurisprudence concerning First Amendment political retaliation claims.

Were we to assume that plaintiff was entitled to overtime work assignments and the denial of same was a constitutional violation, we would still find plaintiff's claim deficient, as he has failed to show that he was totally denied overtime work or that he was granted a substantially lesser number of overtime hours than similarly situated officers (those requesting overtime under Chief Fox's overtime allocation system). Evidence before the court shows that in the last half of 2005, after Chief Fox's election, plaintiff boasted the second highest total of overtime hours worked in the department.[18] During 2006, plaintiff had the third highest total of overtime hours worked in the department.[19] While the parties agree that plaintiff worked nearly twice the overtime hours prior to Chief Fox's arrival, plaintiff's own subjective belief that he was entitled to continue to work the lion's share of overtime hours for the entire department is insufficient to establish a constitutional right.

---

[14] Harrington v. Harris, 118 F.3d 359, 365 (5th Cir. 1997); Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1149 (5th Cir. 1994) (internal citations omitted).
[15] 118 F.3d 359 (5th Cir. 1997).
[16] Id. at 365.
[17] Id., citing Dorsett v. Board of Trustees, 940 F.2d 121, 123 (5th Cir. 1991).
[18] R. 60 at Exhibit F (affidavit of Chyrel Douga and attached payroll records).
[19] Id.

We reach the same conclusion with respect to plaintiff's claim that Chief Fox subjected him to an adverse employment action when he deprived him of use of the Dodge Durango plaintiff previously used in drug-related arrests. Plaintiff has failed to demonstrate that Chief Fox's reallocation of the Durango to his own official use constitutes an adverse employment action. As argued by defendants, it is clearly within the authority of the Chief of Police to control police vehicles, including the allocation of a vehicle to his own official use.[20] Were we to assume that use of an official vehicle is plaintiff's entitlement, we would still find plaintiff's claim lacking, as he was given a marked patrol car for official use after the Durango was allocated to Chief Fox. Plaintiff has not demonstrated that his preference for one vehicle over another rises to the level of a constitutional violation.

Plaintiff's final allegation of retaliation asserts that Chief Fox relieved plaintiff of the supervisory authority that he previously enjoyed as the only Lieutenant at VPD. Plaintiff claims that, prior to Chief Fox's arrival, he was the <u>de facto</u> Assistant Chief of Police because of his rank, even though, officially, that position was vacant. Plaintiff asserts that Chief Fox promoted another officer to the position of Assistant Chief of Police because of his belief that plaintiff opposed his candidacy. Defendants argue that, regardless of how responsibilities were divided by Fox's predecessor, Chief Fox is entitled to depart from those assignments by virtue of his authority over the administration of the VPD.[21] Construing the undisputed facts in the light most favorable to plaintiff, we view Chief Fox's reassignment of responsibilities within the

---

[20] R. 58 at p. 9 <u>citing</u> Op. Atty.Gen., No. 80-1078 (2/11/1981).
[21] <u>Id.</u> at p. 10 <u>citing</u> Op. Atty. Gen., No. 94-73 (4/18/1994); Op. Atty. Gen., No. 07-0048 (3/22/2007), 2007 WL 1100719.

department to be a constructive demotion or a refusal to promote, accepting plaintiff's allegation that his job became less prestigious as true for purposes of this motion.[22]

Given the court's finding that plaintiff has demonstrated an adverse employment action in the form of constructive demotion or refusal to promote, we must next determine whether or not plaintiff was engaged in a protected activity. As noted by the Fifth Circuit, it is not essential that the political speech be verbal, but there must be some outward manifestation in order for the First Amendment to encompass plaintiff's claim.[23] Even an employer's belief that the employee espoused certain beliefs, belonged to a certain political party or supported a certain political campaign, without more, is insufficient to invoke the First Amendment.[24] Plaintiff admits that he wore a wire as part of an FBI investigation which eventually led to the arrest and indictment of former Vinton Chief of Police Billy Ray Vice.[25] Plaintiff claims that Chief Fox thought that he was involved in the illegal activities meant to sabotage Fox's campaign, but admits that once Chief Fox learned that he aided the FBI in collecting evidence against Chief Vice, Fox dismissed plaintiff from the civil suit which he filed against Vice and others.[26] Plaintiff claims that Chief Fox continued in the belief that plaintiff had conspired against him, but denies that he supported another candidate, campaigned against Fox or spoke against him in any way.[27] Chief Fox also denies that this was a factor. Thus, the parties agree that plaintiff has not engaged in protected speech. Plaintiff's claim must fail.

Were we to agree with plaintiff's contention that an employer's subjective belief that an employee engaged in protected speech is what matters for purposes of the prima facie elements,

---

[22] Sharp v. City of Houston, 164 F.3d 923 (5th Cir. 1999) (transfer of female police officer from elite mounted patrol to teaching post at police academy was a constructive demotion).
[23] Steadman v. Texas Rangers, 179 F.3d 360, 366 (5th Cir. 1999) (plaintiff produced no evidence that she actually engaged in verbal or non-verbal protected speech).
[24] Id. at 366 (citing Jones v. Collins, 132 F.3d 1048, 1052-55 (5th Cir. 1998).
[25] R. 35-2 at p. 3.
[26] Id.
[27] Id.

we would still find plaintiff's claim lacking. Plaintiff offers only hearsay evidence to support his theory that the change in his supervisory responsibilities was motivated by Chief Fox's belief that he campaigned against him.[28] Hearsay statements do not constitute competent summary judgment evidence.[29]

Given our findings above with respect to the denial of overtime work assignments, use of the Dodge Durango and removal of plaintiff's supervisory authority, the court now finds that plaintiff's claims against Chief Fox in his individual capacity under the First Amendment and 42 U.S.C. § 1983 for political retaliation should be dismissed with prejudice.

Although not addressed by Chief Fox's motion, this court also finds that plaintiff has failed to offer adequate evidence in support of his claim under La. R.S. 23:961, which prohibits any employer of twenty (20) or more people from making, adopting or enforcing any rule, regulation or policy that influences, coerces or attempts to control the political activities or affiliations of those employees. Plaintiff has failed to offer evidence in support of any "rule, regulation, or policy" enacted or enforced by Chief Fox, were we to assume that he constitutes plaintiff's "employer" within the meaning of § 961, which is not entirely clear given the role of the Vinton Board of Aldermen as the hiring and firing authority.[30] Plaintiff has further failed to offer evidence beyond hearsay statements attributed to Chief Fox in support of his claim that he was threatened or coerced due to any political beliefs or activities. We note, again, that plaintiff denies engaging in any such political activities. The court finds that plaintiff's claim against Chief Fox under La. R.S. 23:961 should be dismissed.

---

[28] See, for example, plaintiff's deposition of 6/10/2008 at 172:8-21.
[29] Fed. R. Civ. P. 56(e).
[30] La. R.S. 33:423(A).

B.  **Motion for Summary Judgment filed by Town of Vinton and Risk Management, Inc.[31]**

Since the filing of this motion, plaintiff has voluntarily dismissed all claims against Risk Management, Inc.[32] and, therefore, the motion for summary judgment will be denied as moot as to that particular defendant.

Vinton's motion seeks dismissal of all claims against it on the basis that the town, acting through its Board of Aldermen pursuant to La. R.S. 33:423(A), has never promulgated a rule or policy which approves adverse actions against employees for the purpose of exacting political control over employees or infringes on their First Amendment rights. Vinton points out that plaintiff offers no evidence which contradicts this assertion.

Plaintiff acknowledges that he has no proof of any such custom or policy with respect to the removal of his supervisory authority or the denial of use of the Dodge Durango, but argues that Chief Fox's testimony that he is "a policy maker for the [VPD]."[33] Plaintiff asserts that Chief Fox's implementation of a new policy wherein all overtime assignment requests were approved by him rather than by the mayor proves that, as to the issue of denial of overtime requests, the Board of Aldermen delegated its power to Fox and may be held liable for Fox's retaliatory policy.[34]

While we agree that the delegation of power to the Chief of Police may give rise to municipal liability in some instances, we do not find that the facts of this particular case warrant such result. As discussed above, plaintiff's contention that he was entitled to work all the overtime hours he wanted simply does not establish a constitutional violation. The evidence demonstrates that plaintiff worked a significant number of overtime hours in 2005 and 2006. We

---

[31] R. 18.
[32] R. 50.
[33] Deposition of Fox of 7/2/2007 at pp. 189-90 (Exhibit 7 to plaintiff's memorandum in opposition to motions).
[34] R. 18 at pp. 18-19.

do not find that any denial of overtime requests constituted an adverse employment action and, again, note that plaintiff denies engaging in protected political speech.

Similarly, we find that any claim by plaintiff under La. R.S. 23:961 against Vinton must also fail. While Chief Fox's testimony and his admitted implementation of a new overtime assignment policy certainly establish an official policy or custom, plaintiff has offered no evidence that he was unjustly denied overtime assignments. As we have noted several times, the evidence reveals that plaintiff worked the third highest number of overtime hours in his department in 2006. Again, without some outward manifestation of political belief or affiliation or some other protected speech, plaintiff's subjective belief that he should be allowed to work the lion's share of the department's available overtime hours cannot form the basis of plaintiff's state law claim.[35]

## IV. CONCLUSION

The court has carefully reviewed the motions for summary judgment filed by defendants and finds that they should each be granted, except as to defendant Risk Management, Inc. because of that defendant's prior voluntary dismissal from the suit. Plaintiff's claims against Chief Fox in his official capacity are, as argued, duplicative and should be dismissed as such.

Additionally, plaintiff has failed to demonstrate that he suffered an actionable adverse employment action with respect to the denial of overtime assignment requests and use of the Dodge Durango. Assuming, as we have, that plaintiff has successfully alleged an adverse employment action in the form of removal of his supervisory authority, we still find that such claim must fail because plaintiff has offered no evidence to support the theory that he engaged in protected speech or other political activity as is required under applicable Fifth Circuit

---

[35] <u>Bellow v. Charbonnet</u>, 100 F.Supp.2d 398 (E.D. La. 2000) (plaintiff offered no evidence of the existence of a policy or custom and no evidence that she was coerced or threatened because of her political activities).

jurisprudence. The court also finds that plaintiff has failed to establish a prima facie case for political retaliation or coercion under La. R.S. 23:961.

Applying these findings to the claims before us, we find that all claims by plaintiff against defendants Ricky Fox in his official and individual capacity should be dismissed with prejudice. Similarly, we find that all claims against defendant Town of Vinton should be dismissed with prejudice.

Defendants' motion for summary judgment will be granted with respect to Chief Fox and Vinton and shall be denied as moot with respect to Risk Management, Inc.

**Alexandria, Louisiana**
**December 2, 2009**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE